IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DEBRA POLAND,                          *
                                       *
        Plaintiff,                     *
                                       *
        v.                             *
                                       *        CV 124-002
NATIONWIDE MUTUAL INSURANCE            *
COMPANY,                               *
                                       *
        Defendant.                     *

---

**O R D E R**

---

Before the Court is Defendant's second partial motion to dismiss ("Partial Motion to Dismiss").[1]   (Doc. 6.)   For the following reasons, Defendant's motion is **GRANTED**.

## I. BACKGROUND

This lawsuit arises out of a claim under a homeowner's insurance policy for water damage to Plaintiff's house located in Lincolnton, Georgia on or about March 22, 2023.   (Doc. 1-1, at 5.) Defendant issued Plaintiff a homeowner's insurance policy, numbered 7710HR056443, with effective dates of June 12, 2022 to July 12, 2023 (the "Policy").   (Id. at 4.)   Plaintiff's house

---

[1] Defendant filed an initial motion to dismiss on the same day as its second motion to dismiss.   (Docs. 4, 6.)   The motions and attached briefs are identical in all respects, except the second motion corrects errors in the preliminary motion's certificate of service page.   (Doc. 4, at 4; Doc. 6, at 4.)   Therefore, the Court will take Defendant's second motion (Doc. 6) under consideration, and Defendant's initial motion (Doc. 4) is **DENIED AS MOOT**.

incurred water damage due to leaks emanating from the chimney, roof, ceiling, and wall. (Id. at 5.) On or about March 28, 2023, Defendant's inspector conducted a review of the house. (Id.) The inspector completed a cursory review, wholly ignored evidence of water damage coming from the chimney, ceiling, and walls, and did not perform a groundwater survey. (Id.) On April 17, 2023, Defendant denied coverage for Plaintiff's house because the reported water damage resulted from "long-term groundwater intrusion," which caused biological deterioration to the house and such damage is excluded under the Policy. (Id.) Plaintiff asserts Defendant knew its statement that the damage resulted from "long-term groundwater intrusion" was false and was made to avoid liability under the Policy. (Id. at 5-6.) Due to Defendant's failure to uphold its obligation under the Policy, Plaintiff incurred significant financial injury and loss. (Id. at 6.)

On November 20, 2023, Plaintiff filed suit in the Superior Court of Lincoln County, Georgia asserting the following causes of action against Defendant: (1) breach of contract, (2) fraud, (3) bad faith under O.C.G.A. § 33-4-6, and (4) attorney's fees and punitive damages. (Doc. 1-1, at 4, 6-8.) On January 5, 2024, Defendant removed to this Court. (Doc. 1.) On January 12, 2024, Defendant filed two partial motions to dismiss, seeking to dismiss Plaintiff's claims for fraud and attorney's fees and punitive

damages.  (Doc. 6, at 1; Doc. 4, at 1.)  Plaintiff filed no response
to Defendant's motions, and the time for response is now closed.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the
Court tests the legal sufficiency of the complaint.  Scheuer v.
Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by*
Davis v. Scherer, 468 U.S. 183 (1984).  Pursuant to Federal Rule
of Civil Procedure 8(a)(2), a complaint must contain "a short and
plain statement of the claim showing that the pleader is entitled
to relief" to give the defendant fair notice of both the claim and
the supporting grounds.  Bell Atl. Corp. v. Twombly, 550 U.S. 544,
555 (2007).  Although "detailed factual allegations" are not
required, Rule 8 "demands more than an unadorned, the-defendant-
unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels
and conclusions, and a formulaic recitation of the elements of a
cause of action will not do."  Twombly, 550 U.S. at 555.  "Nor
does a complaint suffice if it tenders 'naked assertions' devoid
of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting
Twombly, 550 U.S. at 557).  The Court need not accept the
pleading's legal conclusions as true, only its well-pleaded facts.
Id. at 677-79.  Furthermore, "the court may dismiss a complaint

3

pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims for fraud and attorney's fees and punitive damages under Rule 12(b)(6). (Doc. 6, at 1.) Plaintiff did not respond to Defendant's Partial Motion to Dismiss, and therefore, it is deemed unopposed. LR 7.5, SDGa ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Moreover, when an argument is raised that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned. See Holland v. Dep't of Health & Hum. Servs., 51 F. Supp. 3d 1357, 1376 (N.D. Ga. 2014); see also Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000).

Nevertheless, the Court has carefully reviewed the arguments in Defendant's Partial Motion to Dismiss, and the Court finds them meritorious. See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing district court for granting motion to dismiss

4

solely based on the plaintiff's failure to file an opposition and requiring district court to show it considered the sufficiency of the complaint's allegations and to provide a reason why the complaint failed to state a claim). Therefore, as explained below, and for the well-stated reasons in Defendant's motion, the Court finds the motion shall be granted. See Handy Land & Timber, LLLP v. Transcon. Gas Pipe Line Co., 762 F. App'x 810, 813 (11th Cir. 2019) (finding the district court did not abuse discretion in granting unopposed motion to dismiss based on failure to respond to motion pursuant to Local Rules and for the well-stated reasons in the motion to dismiss).

First, regarding Plaintiff's fraud claim, she alleges the following: "Defendant made false statements regarding the cause(s) of the damages to Plaintiff's ho[use]"; "[t]hese false statements were made for the purpose of inducing Plaintiff to forgo her benefits under the Policy, and for the purpose of avoiding payment under the [P]olicy"; "Defendant knew and/or should have known the statements were false when made"; "Plaintiff reasonably relied on these statements to her detriment, having taken money out of her retirement savings, and began spending significant sums for the repair of her ho[use], even though these expenses were rightfully the obligation of the Defendant"; "Defendant's false statements were made for the purpose of defrauding Plaintiff"; and "Defendant is liable for the damages incurred by Plaintiff as a direct and

proximate result of this fraud." (Doc. 1-1, at 7.) While Plaintiff does not incorporate any previous paragraphs by reference, in the "Operative Facts" section of her complaint, she alleges: Defendant denied coverage for damage to her house on the contention that the damage resulted from "long-term groundwater intrusion" resulting in biological deterioration, which is excluded under the Policy; Defendant knew its statement was false at the time it was made; Defendant made this statement to avoid liability for its obligations under the Policy; and Plaintiff incurred significant financial injury and loss in covering the repairs that should have been provided for under the Policy. (Id. at 5-6.)

> To prevail on a fraud claim in Georgia, a plaintiff must show:
>
> (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them intending to deceive the plaintiff; (4) that the plaintiff justifiably relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

Onbrand Media v. Codex Consulting, Inc., 687 S.E.2d 168, 175 (Ga. Ct. App. 2009) (citation omitted). Defendant contends Plaintiff failed to state a claim for fraud for several reasons, including Plaintiff did not meet the pleading standard for fraud under Federal Rule of Civil Procedure 9, Plaintiff cannot rely on the statements made for its denial of coverage as a basis for a fraud

claim, and Plaintiff's exclusive remedy for denial of coverage is for bad faith under O.C.G.A. § 33-4-6. (Doc. 6-1, at 5-12.)

The Court agrees Plaintiff failed to state a claim for fraud. The only allegedly false representations made by Defendant are the reasons for coverage denial in Defendant's claim determination letter. (Doc. 1-1, at 5.) An insurance company's stated reasons for denial of coverage are not "representations" a plaintiff may rely on to bring a fraud claim. Ali v. Travelers Home & Marine Ins. Co., No. 1:17-CV-03192, 2019 WL 2083541, at *4 (N.D. Ga. Feb. 8, 2019) ("[T]he furnishing of a Denial Letter unequivocally relates to Defendant's administration of the Policy. As such, any statements within the Denial Letter may not form the basis for separately actionable torts." (citations omitted)). Furthermore, absent a special relationship beyond simply insurer and insured, denial of coverage for allegedly false or "bad faith" reasons is specifically and exclusively covered under O.C.G.A. § 33-4-6 and a separate tort claim is not actionable. See O.C.G.A. § 33-4-6; Great Sw. Exp. Co. v. Great Am. Ins. Co. of N.Y., 665 S.E.2d 878, 881 n.3 (Ga. Ct. App. 2008) (citations omitted). Plaintiff alleges no such special relationship exists beyond insurer and insured. (See Doc. 1-1.) Therefore, Defendant's Partial Motion to Dismiss is **GRANTED** as to Plaintiff's fraud claim.

Second, Plaintiff alleges she is entitled to attorney's fees under O.C.G.A. § 13-6-11 because Defendant allegedly acted in bad

7

faith, was stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. (Doc. 1-1, at 8.) Plaintiff further claims she is entitled to punitive damages under O.C.G.A. § 51-12-5.1 due to Defendant's "willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious indifference to consequences." (Id.) Again, Defendant contends Plaintiff's claims are due to be dismissed because O.C.G.A. § 33-4-6 provides the exclusive remedy when an insurer allegedly denies a claim in bad faith. (Doc. 6-1, at 13-14.) The Court agrees.

In Georgia, O.C.G.A. § 33-4-6 is the exclusive remedy for an insurer's bad faith refusal to pay proceeds, and a party may not seek to also recover attorney's fees under O.C.G.A. § 13-6-11 or punitive damages arising from the insurer's allegedly bad faith handling of the disputed claim. Great Sw. Exp. Co., 665 S.E.2d at 881 ("[T]he penalties contained in [O.C.G.A.] § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." (citations omitted)). Thus, Defendant's Partial Motion to Dismiss is **GRANTED** as to Plaintiff's claims for attorney's fees and punitive damages under O.C.G.A. § 13-6-11 and O.C.G.A. § 51-12-5.1.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 6) is **GRANTED** and Plaintiff's claims for fraud and attorney's fees and punitive damages are **DISMISSED**. Plaintiff's remaining claims are still pending before the Court.

**ORDER ENTERED** at Augusta, Georgia, this ___11th___ day of July, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA